DANIEL J. MANTON *vs.* CATHERINE H. MANTON.

DECEMBER 12, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

242

FLYNN, C. J. This cause is before us on the complainant's appeal from a decree of the superior court sustaining the respondent's demurrer to a bill in equity brought to remove a cloud from the title of his real estate.

Stripped of certain surplusage, the bill in substance and effect alleges the following facts: Complainant Daniel J. Manton and respondent Catherine H. Manton were formerly husband and wife and were residents of the state of Maryland. The complainant brought in that state a proceeding for divorce on the ground of desertion and the respondent filed a cross petition, apparently on the ground that the parties had lived separate and apart for more than the period fixed by statute. While the divorce proceeding was pend-

ing, the complainant became seized and possessed, by inheritance from his deceased mother, of a one-half undivided interest in certain farm land situated in the town of Lincoln, state of Rhode Island; and before the decree in such divorce proceeding was entered, the complainant and respondent entered into the following agreement, which was under seal but not acknowledged:

## "Agreement

"Made this 21st day of April 1943, by and between Daniel J. Manton, of the District of Columbia, and Catherine H. Manton, of the State of Maryland, husband and wife;

"Whereas, the parties hereto are living separate and apart and have so lived separate and apart for a period of more than eighteen months, and that there is now pending in the Circuit Court of Montgomery County proceedings for a divorce between them, and the parties desire that if such divorce be granted by the said Circuit Court, as aforesaid, it shall not affect or change their respective property rights in and to real estate situate in the State of Rhode Island, and the interest therein acquired by descent from the deceased mother of Daniel J. Manton; Now Therefore,

"Witnesseth, that in consideration of the sum of $1.00 and other good and valuable consideration, the parties hereto agree that the passing of a decree of divorce a vinculo matrimonii between them by the Court shall not in any wise affect the respective rights of the said parties, or either of them, in and to that land or ground in which said Daniel J. Manton inherited a one-half undivided interest from his deceased mother, situate in the State of Rhode Island, and the said Catherine Manton acquired dower interest as the wife of said Daniel J. Manton.

"In Testimony Whereof the parties hereto have affixed their hands and seals in the State of Maryland on the day and year hereinbefore written.

Daniel J. Manton (Seal)
Test                          Catherine H. Manton (Seal)
Thomas O. King
(Signed) R. G. Shure."

Thereafter, on May 11, 1943, a decree of divorce was entered by the circuit court in and for Montgomery county, state of Maryland, which reads as follows: "Adjudged, ordered and decreed that the above-named cross-plaintiff, Catherine H. Henderson be, and she hereby is divorced, a vinculo matrimonii, from the cross-defendant, Daniel J. Manton".

More than six months thereafter the complainant attempted to sell his interest in said realty at a private sale. That sale, however, could not be completed because of the cloud upon complainant's title resulting from the recording by the respondent of the above-mentioned agreement in the town of Lincoln. The respondent has refused to release her alleged "inchoate right of dower" for a cash payment in an amount computed to equal its actual value according to the life tables. The bill further alleges that the agreement in question no longer has any legal force and effect; that it is a cloud upon his title; and that he has no other adequate remedy at law or in equity and prays that it be declared to be null and void and expunged from the land records in the town of Lincoln.

The respondent filed a demurrer setting forth thirteen grounds which may be grouped as alleging, in substance and effect, that the complainant has stated no cause for relief in equity; that the agreement is a valid contract between the parties, the effect of which is to create and preserve an interest or estate in the land having all the contingent attributes of inchoate dower; that the cloud, if any, on complainant's title was created by him voluntarily and is supported by sufficient consideration; that complainant has not offered to do equity; and that certain paragraphs of the bill are mere conclusions of law, and others are entirely irrelevant.

The trial justice held that "property settlements" are common between parties about to be divorced and, when equitable, are approved by the court; that "In this case, it appears that the wife was content to receive an 'inchoate right of dower' as a part of such a settlement and the husband

agreed to give it to her." He also held that "an inchoate right of dower", though not a vested interest under the law of Rhode Island, was nevertheless "such an interest as may be subject to a valid agreement or contract as between the husband and wife, prior to divorce." He further held that general laws 1938, chapter 416, §5, which pertains to the assignment of dower to a wife, upon timely application, whenever a divorce is granted for fault on the part of the husband, was not applicable here because the decree in the instant case was not premised upon the guilt or innocence of either party. In his decision the trial justice held that the sole question was, "Can the husband be allowed, after he has attained the benefits of such a contract, to later repudiate it without offering to do equity?" The demurrer then was sustained upon all grounds.

In our opinion the bill includes, in several of the paragraphs, some argumentative assertions and allegations of irrelevant facts, as well as conclusions or discussions of law that have no place in the bill of complaint. Accordingly they will be ignored as surplusage because, as the respondent contends, the demurrer admits, for the purpose of testing the sufficiency of the bill, only those material facts which have been properly pleaded.

So considered, however, we do not agree with certain of the respondent's other contentions. It is true that property settlements, when made under proper conditions pending a divorce, have been approved by this court. *Phillips* v. *Phillips,* 39 R. I. 92. Likewise an "inchoate right of dower", though not an estate or vested interest in the property involved, may yet be a proper subject of a valid agreement as between the husband and wife *prior* to divorce, as for example when it is released or when a wife agrees to release it. But the agreement in question does not purport to release or otherwise deal with a valid "inchoate right of dower" *before* divorce. It expressly and plainly seeks to preserve such "inchoate right of dower" even *after* a divorce *a vinculo matrimonii.* In the absence of statutory provision to the

contrary, dower cannot exist after the entry of a final decree of absolute divorce. Apart from statute, inchoate dower presupposes and depends upon the existence of a valid marriage; and consummate dower presupposes the existence of such a marriage at the time of the husband's death.

The respondent apparently concedes that such is the case at common law. She further contends that neither the law of Maryland, which does not appear in the bill, nor G. L. 1938, chap. 416, §5, as to possible assignment of dower upon the entry of a decree of absolute divorce for the fault of the husband, is applicable to the facts alleged in this bill. Such a view was held by the trial justice. If that be so, it follows that the case must be decided according to the common law of this state by which a divorce *a vinculo matrimonii* automatically destroys any right of dower in the former wife. Therefore, when the parties entered into an agreement which purported to keep alive an "inchoate right of dower" notwithstanding the entry of a decree of absolute divorce, they were attempting that which could have no legal basis or effect.

But the respondent also argues that the parties must have intended something by this agreement and that an equity court should construe its language so as to make it the equivalent of an agreement to convey, or a conveyance of, some undisclosed estate, such as a contingent future interest having the expectant attributes of dower; and that since such a future interest or estate must have been intended, the equity court can and should give effect thereto by refusing its aid to the complainant, at least until he had offered to do equity.

The difficulty with this argument is that it would have the court read into the agreement certain language which was not used and which is contrary to the plain and unambiguous terms of the agreement itself. The provisions thereof are specific and do not provide for any particular contingent estate, or any future interest or estate in the nature of dower, or any supposed right other than that of inchoate

dower, which was not to be affected in any way. It does not purport, directly or indirectly, to be any conveyance at all, or any agreement to convey any legal estate or contingent future interest. In our opinion the respondent's contention that an equity court could grant specific performance of such agreement on the basis that it related to some undisclosed contingent estate or future interest is unreasonable. She presents no authority for that contention and we have found none. Clearly the facts as stated in the bill do not warrant such a conclusion.

It may be that the parties intended something and that their intentions may not have been specifically carried out. In our view the remedy for such a supposed case is not to import into the agreement provisions that are not included, or into the bill of complaint facts or inferences that are not therein properly alleged. If, as respondent seems to argue and as the trial justice evidently found, the husband may have received some, as yet undisclosed, benefit or may have induced the respondent to rely on the agreement and thus change her position to her prejudice, as to alimony or otherwise, such facts can and should be alleged in an answer. However, we cannot find merely from the material allegations of the bill, which are admitted, that these facts existed. Nor does it appear, as respondent contends, that complainant has failed to allege any offer to do equity. Apparently she has overlooked the allegation in the bill that she has refused to release for its present cash value her "inchoate right of dower", which was the specific subject matter of the agreement. In view of this allegation we cannot say, for purposes of deciding the demurrer, that complainant was called upon to offer to do more.

We find it difficult to agree with the respondent's contentions unless we indulge in some speculation or consideration of facts that are not found in the proper allegations of the bill and that appear only in argument. In our opinion the issues that may appear, if and when all the facts favorable to the respondent's claim are pleaded and proved, do not

arise upon the mere consideration of the material allegations of the bill of complaint that are admitted by the demurrer. Since the matter is before us only on demurrer to the bill, our decision is narrowed to that phase of the cause.

The complainant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Charles R. Easton,* for complainant.

*Woolley, Blais & Quinn,* for respondent.